IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | 4:19-CR-3073 |
| vs. | |
| GUADALUPE SERRATO MARINO, Defendant. | TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (RPSR) and addendum in this case. The defendant has objected (filing 57) to the RPSR, and filed a motion (filing 55) for downward variance. The government has also filed a motion (filing 51) for upward variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the Adjusted Offense Level calculation in the RPSR. *See* filing 57. First, the defendant objects to the two-level enhancement for a resulting substantial financial hardship to one or more victims under U.S.S.G. § 2B1.1(b)(2)(A)(iii). Filing 57 at 1. The defendant argues that the government has not provided sufficient evidence connecting the victim's bankruptcy to the defendant's actions rather than the victim's own. *See id*. In other words, the defendant admits that she used the victim's identity, but disputes that her use resulted in substantial financial hardship.

Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement. *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016). If the defendant objects to the factual basis for a sentencing enhancement, and the government fails to present

evidence to prove that factual basis by a preponderance of the evidence, it is error to apply the enhancement. *Id.*

> In determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the victim—
>
> (i) becoming insolvent;
>
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
>
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
>
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
>
> (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
>
> (vi) suffering substantial harm to his or her ability to obtain credit.

U.S.S.G. § 2B1.1 cmt. n.4(F).

The RPSR suggests that the victim had to change her name and file for bankruptcy "due to some collection claims and tax issues."[1] RPSR at 8.

---

[1] According to the RPSR, on July 17, 2017 an investigator with the Nebraska State Patrol received a phone call from a man claiming to be the victim's husband. RPSR at 8. And after verifying the victim's Social Security number with the man, the investigator asked whether

But the government has not received a statement from the victim directly. *Id.* The government also relies on a CLEAR[2] report (filing 53-1). But the defendant argues that while the report connects the addresses of the defendant to the victim's identity and credit report, it does not identify the amounts or sources of debt that were filed in the bankruptcy action. *See* filing 57 at 1; filing 56 at 4-5; *see also* filing 53-1. So, the defendant reasons, the government has not met its burden to show by a preponderance of the evidence that substantial financial hardship has occurred as a result of her actions.

For its part, the government admits that if the Court applies the enhancement under § 2B1.1(b)(11)(A)(ii), discussed next, that the application of this enhancement is moot. Filing 52 at 6. The Court will make a final determination on whether the § 2B1.1(b)(2)(A)(iii) enhancement applies at the time of sentencing.

The defendant also objects to the four-level enhancement under U.S.S.G. § 2B1.1(b)(11)(A)(ii), which provides a two-level enhancement, or an increase to 12 if the result is less than 12, if the offense involved "the possession or use of any . . . authentication feature" of an identification document. Filing 57 at 2. The defendant argues that in effect this enhancement creates a base offense level of 12, "which was not the goal of the parties when the [plea] agreement was entered," filing 57 at 2, and "is unreasonable and unconstitutional," filing 56 at 6. The defendant also

---

the victim had problems with identity theft. The victim's husband reported his wife had to change her name and file bankruptcy. *Id.* And, the government verified that the victim had in fact filed for bankruptcy in the Eastern District of California. *See* filing 52 at 4.

[2] "CLEAR" is an investigatory software tool provided by Thomson Reuters.

suggests that if the Court determines § 2B1.1(b)(11)(A)(ii) is applicable, the Court should apply only a two-level enhancement. Filing 57 at 2.

Notably, the defendant does not argue that the enhancement should not apply to her use of a Social Security card under the plain language of the enhancement. Rather, the defendant seems to admit that the enhancement is proper, but objects to the *effect* of the enhancement. *See* filing 57 at 2.

The Court has previously determined that § 2B1.1(b)(11)(A)(ii) is applicable to a defendant's use of a Social Security card displaying or accurately reproducing official authentication features. *See United States v. Rodriguez-Cisneros*, 916 F. Supp. 2d 932, 934 (D. Neb. 2013). The defendant previously admitted that she provided a Social Security card bearing the United States government agency seal to obtain employment. *See* filing 42. And the language of § 2B1.1(b)(11) is clear and unambiguous—if the section applies, the offense level shall be increased by 2 levels, and "[i]f the resulting offense level is less than level 12, increase to level 12."

The Court is not persuaded by defendant's argument that this enhancement "effectively creates a new base level." *See* filing 57 at 2. The base offense level for "larceny, embezzlement, and other forms of theft; offenses involving stolen property; property damage or destruction; fraud and deceit; forgery; offenses involving altered or counterfeit instruments other than counterfeit bearer obligations of the United States," is found at U.S.S.G. § 2B1.1(a), and in this case is a level 6. And *after* determining the base offense level based on this very general classification of crimes, the specific offense characteristics—including the enhancement for use

of an authentication feature—result in an *adjusted* offense level. *See* U.S.S.G § 1B1.1(a); U.S.S.G. Ch. 2 Introductory Cmt.; *United States v. Green*, 225 F.3d 955, 958 (8th Cir. 2000).

Nor is the Court persuaded that the enhancement "provides the Government with the ability to make any agreement [containing a base level] below twelve for the mere purpose of gaining a plea agreement knowing that . . . the base offense level will always be twelve." *See* filing 56 at 5-6. First, that is an incorrect statement of the sentencing guidelines, as previously explained. Second, the facts in this case indicate that the defendant was aware of *exactly* what the government expected the total offense level to be, and that turns out to be the total offense level reflected in the RPSR: 10. Filing 53-2. Finally, the sentencing guidelines are available to both the government and the defendant. If the defendant had questions about the offense level calculation, she could have raised them before, or even at the time of her plea hearing. Or, as defendant's counsel acknowledges, the defendant could have filed a motion to withdraw her plea. The defendant did none of the above.

Finally, the Court notes that in her brief on this issue, the defendant claims that § 2B1.1(b)(11)(A)(ii) is unconstitutional. The Supreme Court takes a dim view of facial challenges to statutes and has said:

> facial challenges . . . are . . . to be discouraged. Not only do they invite judgments on fact-poor records, but they entail a further departure from the norms of adjudication in federal courts: overbreadth challenges call for relaxing familiar requirements of standing, to allow a determination that the

> law would be unconstitutionally applied to different parties and different circumstances from those at hand.

*Sabri v. United States*, 541 U.S. 600, 609 (2004); *United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010). And here, the defendant scarcely mentions that the sentencing guideline is unconstitutional, let alone provides good reasons, nor does she even identify the constitutional proscription allegedly at issue.[3] Furthermore, defendant seems to abandon any as-applied challenge.[4] She states that the enhancement "opens the door for misuse," but "never accused or implied this occurred in this case." Filing 59 at 1. So, to the extent that defendant raised a constitutional challenge, it is squarely rejected.

Accordingly, the Court *tentatively* finds that the enhancement under §2B1.1(b)(11)(A)(ii) is applicable in this case, but will make a final ruling at the time of sentencing.

Next, the defendant objects to the adjusted offense level and total offense level. The defendant asserts the adjusted offense level should be either 6 or 8 (depending on whether the Court adds only a two-level enhancement under § 2B1.1(b)(11)(A)(ii)) and that the total offense level should be 4 or

---

[3] Nor is there any evident basis for concluding that a sentencing guideline could be unconstitutional based solely on its purportedly onerous effect. *Cf. Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

[4] An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court. *Republican Party of Minn., Third Cong. Dist. v. Klobuchar*, 381 F.3d 785, 790 (8th Cir. 2004) (citations omitted). If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable. *Id.*

6, after a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Filing 57 at 2. The defendant's calculations are based on the Court's resolution of her previous objections, so the Court will resolve these objections and determine the adjusted and total offense level at sentencing.

Finally, the defendant objects to the probation officer's recommendation in the RPSR that the Court vary upward from the guideline sentence. Filing 57 at 2. The defendant argues that a downward variance, or at least a sentence at the low end of the guideline range, is appropriate. The Court will resolve this objection in conjunction with defendant's motion for variance at the time of sentencing.

The defendant also moves for a downward variance under the § 3553(a) factors and requests probation in lieu of imprisonment, or a sentence of time served. *See* filing 55; filing 56 at 3. The defendant argues that her offense did not involve violence—that she was merely trying to provide for her family. *See* filing 56 at 2-3. And, the defendant suggests that her lack of other criminal history and behavior on pretrial release show her commitment to live a law-abiding life. Filing 56 at 3-4. Finally, the defendant argues that a sentence of imprisonment would be more punitive than necessary to satisfy the purposes of sentencing. Filing 56 at 6.

The government, however, moves for an upward variance and requests defendant be sentenced to imprisonment for 16 months—four months more than the top end of the guideline range. *See* filing 52. It argues that a variance is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Filing 52 at 10.

Specifically, the government directs the Court's attention to the fact that the defendant used the victim's identity for at least 13 years for a wide range of purposes, and that when she was done using the victim's identity, she passed it on to a friend. Filing 52 at 10-11.

Both the defendant's and the government's motions for variance will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 2nd day of October, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge